IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HORTENCIA ACAHUA ZEPAHUA
and MARIA DE LA PAZ SOLEDAD
ACAHUA ZEPAHUA,**

   **Plaintiffs,**

**v.**                 **No. 13cv0523 RB/LAM**

**COUNTY OF DOÑA ANA, NEW
MEXICO,**

   **Defendant.**

## ORDER GRANTING MOTION TO STAY DISCOVERY

**THIS MATTER** comes before the Court on *Defendants' Motion for a Stay of Discovery (Doc. 21)*, filed July 5, 2013. Plaintiff filed a response to the motion on July 19, 2013. [*Doc. 30*]. This case was reassigned to the undersigned as the pretrial judge on July 26, 2013. [*Doc. 32*]. No reply to the motion has been filed and the time for doing so has passed. Having considered the motion, response, record of the case, and relevant law, the Court **FINDS** that the motion is well-taken and shall be **GRANTED**.

Defendants[1] ask the Court to stay discovery in this case pending a ruling on their motion to dismiss based, in part, on qualified immunity (*Doc. 19*). [*Doc. 21* at 2-3]. Plaintiffs object to a stay of discovery because they contend that Defendants are not entitled to absolute or qualified immunity. [*Doc. 30* at 2-4]. Plaintiffs, therefore, contend that Defendants have no basis to oppose discovery and that the Court "need not evaluate the merits of Defendants' immunity and/or qualified immunity

---

[1]The Court notes that, on July 19, 2013, Plaintiffs filed an amended complaint (*Doc. 29*) removing Defendant Barela as a defendant in this case, leaving Defendant Doña Ana County as the only remaining defendant. *See* [*Doc. 30* at 1]. However, since the parties referred to "Defendants" in their motion and response, the Court will do the same in this Order.

defenses, as such defenses are not available to municipalities, nor to officials sued in their official capacities." *Id.* at 5.

The Court finds that Plaintiff's opposition to this motion is without merit. Once a motion to dismiss or for summary judgment based on qualified immunity is filed, Defendants are entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F. 2d 332, 336 (10th Cir. 1992) ("[W]e reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation," *citing Siegert v. Gilley*, 500 U.S. 226, 231 (1991)). Whether or not Defendants are entitled to absolute or qualified immunity goes to the merits of Defendants' motion to dismiss and, therefore, is a decision for the presiding judge in this case. Moreover, the Court often stays discovery when a motion to dismiss is pending, whether or not the defense of immunity is raised, especially when it could potentially dispose of all claims in the case, as Defendants' motion to dismiss asks the Court to do here. *See* [*Doc. 19*]. In addition, the Court notes that Plaintiffs have already responded to Defendants' motion to dismiss and do not make any showing of a need for discovery in order to respond to the motion. *See* [*Doc. 33*]. The Court, therefore, finds that Defendants' motion to stay discovery should be granted.

**IT IS THEREFORE ORDERED** that *Defendants' Motion for a Stay of Discovery (Doc. 21)* is hereby **GRANTED** and discovery is stayed pending a ruling on Defendants' motion to dismiss.

**IT IS SO ORDERED.**

_Lourdes A. Martínez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**